IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, for asset backed funding corporation asset backed certificates 2006 HE1, § § § § § § § § | | |
| Plaintiff, § | | |
| V. § | | No. 3:23-cv-2692-S-BN |
| § | | |
| FALISSA MICHEAUX, SCHNIKA MCKISSIC, individually and as legal guardian for E.T., NATALIE VERSEY, TANOSHA BISHOP, MONTOYA TARGTON, TERRY TARGTON, JR., and TARIQ TARGTON, § § § § § § § § § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff U.S. Bank Trust Company National Association, for asset backed funding corporation asset backed certificates 2006 HE1, ("U.S. Bank") filed a motion for substituted service of process on Defendant Tariq Targton. *See* Dkt. No. 21.

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 4.

**Background**

This case concerns a mortgage and foreclosure. U.S. Bank alleges that Decedents Samuel and Cynthia Woodley executed a Loan Agreement, consisting of

-1-

a Note and Security Interest, in the property 3976 Avocado Drive, Dallas, Texas 75241. *See* Dkt. No. 1 at 3, 5. U.S. Bank states the note went into default, U.S. Bank accelerated the maturity of the debt, and the default was not cured. *See id.* at 6-7. U.S. Bank brings this suit for declaratory judgment, enforcement of statutory probate lien, non-judicial foreclosure, and judicial foreclosure against Decedents' alleged heirs – Falissa Micheaux, Schnika McKissic, Natalie Versey, Tanosha Bishop, Montoya Targton, Terry Targton, Jr., and Tariq Targton. *See id.* at 1-3, 7-9.

## Legal Standard

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and U.S. Bank seeks to effect service in Texas.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:
> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> (1) by leaving a copy of the citation and of the petition

>   with anyone older than sixteen at the location specified in the statement; or
>   (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.'

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL

8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

Texas Rule of Civil Procedure 109 provides that service by publication shall be authorized:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

TEX. R. CIV. P. 109.

If a court does authorize citation by publication, then it can also "prescribe a different method of substituted service." TEX. R. CIV. P. 109(a). The Texas Supreme Court has opined that when "a defendant's identity is known, service by publication is generally inadequate." *See In re E.R.*, 385 S.W.3d 552, 560 (Tex. 2012).

## Analysis

U.S. Bank requests the Court authorize substituted service by publication to

Tariq Targton. U.S. Bank has successfully served the other defendants in this case.

In support of their motion, U.S. Bank attaches a report from a private investigator listing two possibles addresses for Tariq Targton. U.S. Bank also attaches three affidavits from private process servers detailing attempts to serve Tariq Targton:

- Attempted service at 125 Riverview Lane, Seagoville, TX 75159, on December 14, 2023. *See* Dk. No. 21-1 at 10. The process server spoke with Tariq Targton's sister who stated that he used to live with her but is now homeless. *See id*. She had no reliable way of contacting him but stated he sometimes reached out to her through Instagram. *See id*.

- Attempted service at 515 Bluebird Lane, Red Oak, TX 75154 on December 14, 2023. *See id*. at 13. The process server spoke with the current resident who stated she did not know Tariq Targton. *See id*.

- Attempted service at 905 Grasswood, Drive, Arlington, TX 76017 on December 18, 2023. *See id*. at 15. The process server spoke with the resident who said he knew Tariq Targton but doesn't know where he is. The resident said he thinks Tariq Targton is homeless. *See id*. at 16.

None of the above affidavits comply with Texas Rule of Civil Procedure 109. For service by publication, Rule 109 requires that "a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant…[.]" TEX. R. CIV. P. 109.

"The trial court has a 'mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the

Tariq Targton. U.S. Bank has successfully served the other defendants in this case.

In support of their motion, U.S. Bank attaches a report from a private investigator listing two possibles addresses for Tariq Targton. U.S. Bank also attaches three affidavits from private process servers detailing attempts to serve Tariq Targton:

- Attempted service at 125 Riverview Lane, Seagoville, TX 75159, on December 14, 2023. *See* Dk. No. 21-1 at 10. The process server spoke with Tariq Targton's sister who stated that he used to live with her but is now homeless. *See id*. She had no reliable way of contacting him but stated he sometimes reached out to her through Instagram. *See id*.

- Attempted service at 515 Bluebird Lane, Red Oak, TX 75154 on December 14, 2023. *See id*. at 13. The process server spoke with the current resident who stated she did not know Tariq Targton. *See id*.

- Attempted service at 905 Grasswood, Drive, Arlington, TX 76017 on December 18, 2023. *See id*. at 15. The process server spoke with the resident who said he knew Tariq Targton but doesn't know where he is. The resident said he thinks Tariq Targton is homeless. *See id*. at 16.

None of the above affidavits comply with Texas Rule of Civil Procedure 109. For service by publication, Rule 109 requires that "a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant…[.]" TEX. R. CIV. P. 109.

"The trial court has a 'mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the

defendant.'" *Britton v. Walker*, No. CIV.A. H-12-0718, 2014 WL 6455099, at *2 (S.D. Tex. Nov. 12, 2014) (citing *In re Marriage of Peace*, 631 S.W.2d 790, 794 (Tex. App. – Amarillo 1982, no writ). The Court's "inquiry into reasonable diligence under Texas Rule of Civil Procedure 109 is focused on the content of affidavits." *Sun Life Assurance Co. of Canada v. McKinney*, No. 3:21-CV-2265-B, 2022 WL 256504, at *2 (N.D. Tex. Jan. 27, 2022); *accord White v. Kaufman Cnty.*, 2009 WL 1383365, at *1 (N.D. Tex. May 14, 2009) ("The affidavit does not state that whether [defendant]'s address is known to [the process server, plaintiff, or plaintiff's] attorney. It does not describe any other attempts to locate a valid address for [defendant]. While some of these topics are mentioned in the body of the motion, they are not included in an affidavit as required by the rule…[.]").

While U.S. Bank provides the report of the private investigator and details in the motion its attempts to locate Tariq Targton, U.S. Bank does not provide a declaration complying with Rule 109 alleging due diligence. *See Britton v. Walker*, No. CIV.A. H-12-0718, 2014 WL 6455099, at *2 (S.D. Tex. Nov. 12, 2014) ("[Plaintiff] moves for service by publication. But [plaintiff] has not provided a declaration stating information about his attempts to serve [defendant] or other research to find an address for him. [Plaintiff's] reference to these topics in the motion does not comply with the rule and are not detailed enough for the court to decide the issue."); *accord Wilson v. Roger*s, 343 S.W.2d 309, 322-23 (Tex. Civ. App. 1961, writ ref'd n.r.e.) ("…Rule 109 clearly shows that the clause requiring due

diligence applies where the residence of the defendant is unknown as well as where the defendant is a transient person.").

And the affidavits are inconsistent with the private investigator's report, indicating a lack of due diligence. The private investigator spoke with Tariq Targton's sister Montoya, who resides at 515 Bluebird Lane and stated that Tariq Targton lives with her. *See* Dkt. No. 21-1 at 3. The process server Marquisha Graves-Lewis states that she served summons personally to Montoya Targton at 9:21 p.m. at 515 Bluebird Lane on December 14, 2023, but then states that the resident at 515 Bluebird Lane does not know Tariq Targton. *See* Dkt. No. 13; Dkt. No. 21-1 at 13. She states she spoke with Tariq Targton's sister at 1325 Riverview Lane. *See* Dkt. No. 21-1 at 10. This is inconsistent with the private investigator's report.

The affidavits provided by U.S. Bank also do not state that the "residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person[.]" TEX. R. CIV. PRO. 109. *See Wood v. Brown*, 819 S.W.2d 799, 800 (Tex. 1991) ("The affidavit, however, does not state that Wood's residence was unknown to Brown's attorney, that Wood was a transient person, that Wood was absent from Texas or that Wood did not reside in Texas. Therefore, the affidavit sworn by Brown's attorney did not meet any of the requirements for service by publication under Rule 109."); *accord Leithold v. Plass,* 488 S.W.2d 159, 164–65 (Tex. Civ. App. 1972) ("Thus, the affidavit is defective principally for the reason that there is no

statement included therein that the Residence of Leithold was unknown to affiant and appellees, or that the defendant was a transient person. ... Here there was no mention of residence or transient persons. … Issuance of citation by publication is not authorized without a proper Affidavit although facts exist which could be verified."); *Moore v. Payson* Petroleum Grayson, LLC, No. 3:17-CV-1436-M-BH, 2017 WL 11688628, at *2-3 (N.D. Tex. Aug. 23, 2017) ("The affidavits do not state whether Griffin's address is known to Plaintiffs, their attorneys, or the process server. The affidavits only state that the process server was unable deliver the documents on specific dates to specific locations. While some of these topics are mentioned in the body of the motion and it's related brief, they are not included in an affidavit as required by the rule.").

Instead the two of the affidavits provided by U.S. Bank state that the "most reasonable, effective way to give said defendant actual notice of this suit is to deliver a copy of said documents to anyone over the age of sixteen (16), or by affixing to the front door at the defendant's usual place of abode[,]" despite evidence to indicate otherwise. *See* Dkt. No. 21-1 at 13, 15.

And so, U.S. Bank has failed to produce an affidavit complying with Rule 109.

## Conclusion

The Court denies without prejudice U.S. Bank's Motion for Substituted Service by Publication on Tariq Targton [Dkt. No. 21].

SO ORDERED.

DATED: April 16, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE