IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, for asset backed funding corporation asset backed certificates 2006 HE1, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2692-S-BN |
| FALISSA MICHEAUX, SCHNIKA MCKISSIC, individually and as legal guardian for E.T., NATALIE VERSEY, TANOSHA BISHOP, MONTOYA TARGTON, TERRY TARGTON, JR., and TARIQ TARGTON, | § § § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff U.S. Bank Trust Company National Association, for asset backed funding corporation asset backed certificates 2006 HE1, ("U.S. Bank") has filed an amended motion for substituted service by publication on Defendant Tariq Targton. *See* Dkt. No. 31.

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 4.

## Background

This case concerns a mortgage and foreclosure. U.S. Bank alleges that

Decedents Samuel and Cynthia Woodley executed a Loan Agreement, consisting of a Note and Security Interest, in the property 3976 Avocado Drive, Dallas, Texas 75241. *See* Dkt. No. 1 at 3, 5. U.S. Bank states the note went into default, U.S. Bank accelerated the maturity of the debt, and the default was not cured. *See id.* at 6-7. U.S. Bank brings this suit for declaratory judgment, enforcement of statutory probate lien, non-judicial foreclosure, and judicial foreclosure against Decedents' alleged heirs: Falissa Micheaux, Schnika McKissic, Natalie Versey, Tanosha Bishop, Montoya Targton, Terry Targton, Jr., and Tariq Targton. *See id.* at 1-3, 7-9.

U.S. Bank filed its first motion to substitute service on Tariq Targton on March 21, 2024, which the Court denied without prejudice. *See* Dkt. No. 21; Dkt. No. 27. U.S. Bank now files its amended motion for substituted service on Tariq Targton. Dkt. No. 31.

## Legal Standard

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and U.S. Bank seeks to effect service in Texas.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:

      (1) delivering to the defendant, in person, a copy of the

> citation, showing the delivery date, and of the petition; or
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil

-3-

Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

Texas Rule of Civil Procedure 109 provides that service by publication shall be authorized:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

TEX. R. CIV. P. 109.

-4-

If a court does authorize citation by publication, then it can also "prescribe a different method of substituted service." TEX. R. CIV. P. 109(a). The Texas Supreme Court has opined that when "a defendant's identity is known, service by publication is generally inadequate." *See In re E.R.*, 385 S.W.3d 552, 560 (Tex. 2012).

Rule 109 requires an accompanying affidavit that states that the defendant's address was unknown to the affiant, the "[defendant] is a transient person, that [the defendant] was absent from Texas or that [the defendant] did not reside in Texas." *Wood v. Brown*, 819 S.W.2d 799, 799 (Tex. 1991).

## Analysis

U.S. Bank requests that the Court authorize substituted service by publication to Tariq Targton. U.S. Bank has successfully served the other defendants in this case.

In support of its motion, U.S. Bank attaches the declaration of Mitchell A. Little, U.S. Bank's counsel. *See* Dkt. No. 31-1 at 16-17. U.S. Bank also attaches a report from a private investigator listing two possibles addresses for Tariq Targton and two affidavits from private process servers detailing attempts to serve Tariq Targton:

- Attempted service at 515 Bluebird Lane, Red Oak, TX 75154 on December 14, 2023. *See* Dkt. No. 31-1 at 10. The process server spoke with Tariq Targton's sister who stated that he used to live with her but is now homeless. *See id.* She had no reliable way of contacting him but stated he sometimes reached out to her through Instagram. *See id.*

- Attempted service at 905 Grasswood, Drive, Arlington, TX 76017 on December 18, 2023. *See* Dkt. No. 31-1 at 14. The process server spoke with the resident who said he knew Tariq Targton but doesn't know where he is.

The resident said he thinks Tariq Targton is homeless. *See id.*

- Attempted service at 1325 Riverview Lane, Seagoville, TX 75159, on February 3, 2024. *See* Dkt. No. 31-1 at 10. The process server spoke with the current resident who stated she did not know Tariq Targton. *See id.*

Both process servers' affidavits state that as of June 7, 2024, "[a]fter diligent efforts, [they] have not been able to locate Tariq Targton or obtain information on [his] whereabouts" and that they believe "the most effective way to give [him] notice of this suit is service by publication. *Id.* at 10-11, 14.

As the Court previously explained, the process servers' affidavits alone do not comply with Texas Rule of Civil Procedure 109.

Courts have held that the affidavit supporting service by publication must state the "residence was unknown, … that [Defendant] was a transient person, that [Defendant] was absent from Texas or that [Defendant] did not reside in Texas." *Wood*, 819 S.W.2d at 800 (cleaned up). Some courts have held that Rule 109 requires that "the affidavit must state unambiguously that the residence is unknown to the affiant 'and to such party when the affidavit is made by his agent or attorney.'" *Deutsche Bank*, 2019 WL 13191726, at *2. Texas courts have stated this rule as

> (1) a party or his attorney shall make oath that (2) the Residence of any party or defendant is unknown to affiant (and to such party where the affidavit is made by his attorney), or that such defendant is a transient person, (3) AND that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, (4) or that such defendant is absent from or is a non-resident of the State.

*CIT Bank NA v. Dabney*, No. 3:18-CV-1606-M-BK, 2019 WL 13193805, at *2 (N.D. Tex. July 22, 2019) (cleaned up).

Under this standard, the Court finds that U.S. Bank has offered a sufficient affidavit to substitute service under Rule 109.

The Declaration of Mitchell A. Little, U.S. Bank's counsel, states that after a "diligent investigation," Defendant's residence or whereabouts is currently unknown to the affiant and the Plaintiff. *See* Dkt. No. 31-1 at 17. Plaintiff's counsel adds that, based on the beliefs of Defendant's sister and acquaintance, he has determined that Defendant is a transient person. *Id.* And, he "searched internet and social media for Tari[q] Targton and was not able to find a current account for him to enact successful service." *Id.* Based on the declaration and process servers' affidavits, Plaintiff's due diligence regarding Defendant's whereabouts, before in doubt, now appears to be sufficient.

And, so, U.S. Bank has produced an affidavit complying with Rule 109.

## Conclusion

The Court GRANTS Plaintiff's Amended Motion for Substituted Service by Publication on Tariq Targton [Dkt. No. 31].

SO ORDERED.

DATED: September 30, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE