IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

US BANK NATIONAL                        §
ASSOCIATION, for asset backed           §
funding corporation asset backed        §
certificates 2006 HE1,                  §
                                        §
            Plaintiff,                   §
                                        §
V.                                       §         No. 3:23-cv-2692-S-BN
                                        §
FALISSA MICHEAUX, SCHNIKA               §
MCKISSIC, individually and as           §
legal guardian for E.T., NATALIE        §
VERSEY, TANOSHA BISHOP,                 §
MONTOYA TARGTON, TERRY                  §
TARGTON, JR., and TARIQ                 §
TARGTON,                                §
                                        §
            Defendants.                  §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff U.S. Bank Trust Company National Association, for asset backed

funding corporation asset backed certificates 2006 HE1, ("U.S. Bank") filed a Motion

for Summary Judgment and Motion for Default Judgment. *See* Dkt. No. 61. U.S. Bank

seeks summary judgment against Defendants Tanosha Bishop and Falissa Micheaux.

*See id.* And it seeks default judgment against Defendants Schnika McKissic,

individually and as legal guardian for E.T.; Natalie Verser; Montoya Targton; Terry

Targton, Jr.; and Tariq Targton (collectively, "Defaulting Defendants"). *See id.*

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and an order of reference from

United States District Judge Karen Gren Scholer. *See* Dkt. No. 4.

For the following reasons, the Court should dismiss this case without prejudice for lack of subject-matter jurisdiction.

But if, within the 14-day objection period, U.S. Bank provides evidence as to the citizenship of each party, the Court should deny U.S. Bank's motion [Dkt. No. 61].

**Background**

This case concerns a mortgage and foreclosure. U.S. Bank alleges that Decedents Samuel and Cynthia Woodley executed a Loan Agreement, consisting of a Note and Security Interest, in the property 3976 Avocado Drive, Dallas, Texas 75241 (the "Property"). *See* Dkt. No. 1 at 3, 5. U.S. Bank states that the note went into default, U.S. Bank accelerated the maturity of the debt, and the default was not cured. *See id.* at 6-7.

U.S. Bank brings this suit for declaratory judgment, enforcement of statutory probate lien, and non-judicial foreclosure against Decedents' alleged heirs – Falissa Micheaux; Schnika McKissic, individually and as legal guardian for E.T.; Natalie Versey; Tanosha Bishop; Montoya Targton; Terry Targton, Jr.; and Tariq Targton. *See id.* at 1-3, 7-9. Defendants Tanosha Bishop and Falissa Micheaux filed Answers. *See* Dkt. Nos. 12 & 14.

Defendants Schnika McKissic, Natalie Versey, and Montoya Targton were served on December 14, 2023, *see* Dkt. No. 8, 11, 13, and Defendant Terry Targton, Jr. was served on December 19, 2023. *See* Dkt. No. 10. Defendant Tariq Targton was served by publication on October 1, 2024. *See* Dkt. No. 40. To date, the Defaulting

Defendants have failed to answer or otherwise appear in this case. *See* Dkt. No. 62 at 16-17.

The Clerk of the Court made entry of default as to the Defaulting Defendants – other than Tariq Targton – on April 11, 2024. *See* Dkt. No. 25. The Clerk made entry of default as to Tariq Targton on July 7, 2025. *See* Dkt. No. 60.

On April 19, 2024, U.S. Bank moved for partial default judgments against all Defaulting Defendants other than Tariq Targton. *See* Dkt. No. 28. After entering its findings, conclusions, and recommendation on the motion, *see* Dkt. No. 44, the undersigned withdrew its report, *see* Dkt. No. 46. In light of Fifth Circuit case law, the undersigned determined that it could not grant default judgment against some of the Defendants while two other Defendants – Bishop and Micheaux – were contesting the foreclosure judgment. *See id.* U.S. Bank then withdrew its motion for partial default judgment. *See* Dkt. No. 47.

On August 8, 2025, U.S. Bank moved for a default judgment against the Defaulting Defendants and summary judgment against Bishop and Micheaux. *See* Dkt. No. 61.

U.S. Bank filed a Notice of No Response by Defendants on December 18, 2025. *See* Dkt. No. 64. Bishop and Micheaux still have not responded to the motion.

## Legal Standards

### I. Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511

-4-

(5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and

-5-

footnotes omitted).

And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)); *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019) (A court must "view the evidence and draw all justifiable inferences in favor of the nonmovant. Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; the nonmovant 'must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.'" (footnotes omitted)).

So, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1)

-6-

give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in

-7-

any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

But, if "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense," for example, that movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Accordingly, the moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). That is, "[w]hen the party moving for summary judgment also bears the burden of proving the claim, he must establish that there is no genuine dispute of material fact as to every element of its claim, so that the evidence is so overwhelming that he is entitled to judgment in his favor." *Turner v. Criswell*, No. 4:19-cv-226-ALM-CAN, 2020 WL 1901086, at *3 (E.D. Tex. Jan. 6, 2020) (cleaned up), *rec, adopted*, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020).

"If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Evanston Ins. Co. v. Lapolla Indus., Inc.*, 93 F. Supp. 3d 606, 611 (S.D. Tex.) (cleaned up; quoting *Meecorp Cap. Markets LLC v. Tex-Wave Indus. LP*, 265 F. App'x 155, 158 (5th Cir. 2008) (per curiam) (quoting *Little*, 37 F.3d at 1075, *aff'd*, 634 F. App'x 439 (5th Cir. 2015) (per curiam).

And, on a plaintiff's motion seeking summary judgment in its favor on its own claims, the Court will "draw all reasonable inferences in favor of the non-moving party" – that is, in favor of the defendant. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

And, so, this "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007); *accord Wilson v. Dall. Indep. Sch. Dist.*, No. 3:18-cv-34-G-BN, 2020 WL 825819, at *7 (N.D. Tex. Jan. 17, 2020) ("[B]eyond peradventure" means "beyond doubt." (cleaned up)), *rec. adopted*, 2020 WL 821034 (N.D. Tex. Feb. 18, 2020).

But, on a plaintiff's motion on its own claim, "summary judgment is appropriate where the evidence would require a directed verdict." *Hernandez v. Trendy Collections, LLC*, No. 3:17-cv-2049-BN, 2018 WL 4103723, at *13 (N.D. Tex. Aug. 29, 2018) (cleaned up).

That is, a plaintiff may prevail on its claim on its own motion where, drawing all inferences in the defendant's favor and viewing the summary judgment in the light most favorable to the defendant, the evidence is "so overwhelmingly in favor of [the

plaintiff] that no reasonable jury could [arrive] at a verdict other than that [the plaintiff] proved" every essential element of its claim against the defendant. *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 550 (N.D. Tex. 2011), *aff'd*, 709 F.3d 515 (5th Cir. 2013).

## II. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at \*2-\*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of

Civil Procedure. *See id.* The Clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the Clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See*

-11-

*id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

### I.   The Court should dismiss for lack of subject-matter jurisdiction.

The Court must begin with its subject-matter jurisdiction – its "power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023); see also *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own

initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

U.S. Bank filed this lawsuit in federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

The United States Court of Appeals for the Fifth Circuit recently explained that, in a diversity case under Section 1332,

- "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party;

- "[a]t the summary judgment stage," the party invoking the federal court's jurisdiction "must provide evidence sufficient to support a jury finding of the citizenship of" each party; and,

- "at trial," the party invoking the federal court's jurisdiction "must prove the citizenship of each" party.

*Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order); *accord J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024) (published order); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.* (5th Cir. 2019).

U.S. Bank alleges that is a national association and trustee of a trust. *See* Dkt. No. 1 at 3. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, the citizenship of the trustee controls, not the citizenship of the beneficiaries of the trust. *See Bank of New York Mellon Tr. Co., Nat'l Ass'n v. Meachum*, No. 3:18-cv-2630-S-BN, 2019 WL 1015244, at *1 (N.D. Tex.

Feb. 4, 2019), *rec. adopted*, 2019 WL 1014653 (N.D. Tex. Mar. 4, 2019).

U.S. Bank alleges that it is a national banking association that is chartered and has its main office in Ohio, making it a citizen of Ohio for diversity purposes. *See* Dkt. No. 1 at 3-4; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

And U.S. Bank alleges that that Schnika McKissic, individually and as legal guardian for E.T, and Falissa Micheaux are citizens of Michigan and that Natalie Versey, Montoya Targton, Terry Targton, Jr., and Tariq Targton are citizens of Texas. *See* Dkt. No. 1 at 4.

Such allegations could carry U.S. Bank's burden at the pleadings stage, but not at the summary judgment stage.

The undersigned recognizes that U.S. Bank moves for both summary and default judgment and that the Court takes the well-pleaded allegations as true on a motion for default judgment. *See United States of Am. for Use of M-Co Constr., Inc.*, 814 F.2d at 1014.

But U.S. Bank has moved this litigation to the "summary judgment stage" of this lawsuit by moving for summary judgment. And, at the summary judgment stage, without evidence to support a jury finding of jurisdiction, the Court must dismiss the case in its entirety without prejudice. *Cf. Labrew v. A&K Truckline, Inc.*, 768 F. Supp. 3d 770, 776 (N.D. Tex. 2025) (finding that, because plaintiff provided evidence "sufficient to support a reasonable jury finding" of diversity jurisdiction, "the [c]ourt has subject matter jurisdiction in this case sufficient to support the entry of this

summary and default judgment Order").

And, so, U.S. Bank must do more than properly allege the citizenships of the parties and the amount in controversy.

U.S. Bank has submitted declarations stating the place of residence and usual place of abode of each Defendant. *See* Dkt. No. 63-1 at 53. But a natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted).

And U.S. Bank has submitted no evidence to support a jury finding that its main office is in Ohio. The only evidence in the record of U.S. Bank's citizenship is the Loan Assignment, which shows that U.S. Bank's address is in Florida. *See* Dkt. No. 63-1 at 28.

As to the amount in controversy, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg.*, L.L.C., 737 F.3d 338, 341 (5th Cir. 2013). Here, the "object" of the litigation is the Property.

U.S. Bank alleges that the Dallas County Central Appraisal District values the Property at $149,020.00, which is well above the $75,000 threshold jurisdictional

requirement. But it provides no evidence of this valuation.

So, considering the recent Fifth Circuit authority cited above, absent such evidence at this stage – to satisfy the Court that there is subject-matter jurisdiction to allow it to rule on U.S. Bank's motion – the Court cannot enter summary or default judgment but must dismiss this lawsuit without prejudice for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also MidCap*, 929 F.3d at 315 n* ("Citizenship issues, like every factual issue necessary to support subject matter jurisdiction, must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." (cleaned up)).

Still, the 14-day period to file objections to these findings, conclusions, and recommendation, as further explained below, allows U.S. Bank an opportunity to submit evidence to establish that each plaintiff's citizenship is diverse from each defendant's citizenship and thus carry its burden to show, at this stage of the litigation, that the Court possesses subject-matter jurisdiction under 28 U.S.C. § 1332.

And, if U.S. Bank provides such evidence, the Court should rule on the merits of the motion [Dkt. No. 61] as explained below.

## II.   **But, if U.S. Bank supplies evidence of diversity jurisdiction, the Court should deny summary judgment on U.S. Bank's non-judicial foreclosure claim against Bishop and Micheaux.**

A. <u>The Court cannot grant the motion for summary judgment based on the lack of response alone.</u>

In its Notice of No Response by Defendants to Plaintiff's Motion for Summary Judgment and Motion for Default Judgment, U.S. Bank states that "the Court may consider Plaintiff's Motions as unopposed. Accordingly, Plaintiff respectfully requests the Court grant Plaintiff's Motions and grant Plaintiff its requested relief." Dkt. No. 64 at 2.

Fifth Circuit authority does not support this suggested approach.

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela* at 678-79; *Hargrave*, 710 F.2d at 1163-64.").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at

-17-

1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, even if the Court does not dismiss this case without prejudice for lack of subject-matter jurisdiction, the Court cannot grant U.S. Bank's motion for summary judgment [Dkt. No. 61] solely because Bishop and

Micheaux failed to file a response in opposition to the motion.

But, under Rule 56 and the governing law,

> "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,
>> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]
>
> FED. R. CIV. P. 56(e)(2), (3).

*Boyd*, 2023 WL 4141052, at *1.

Here, Micheaux's answer is unverified. *See* Dkt. No. 14. Bishop's answer consists of a sworn affidavit with her own signature. *See* Dkt. No. 12. But it states only:

> I, TANOSHA BISHOP, of FORNEY, in KAUFMAN, Texas, MAKE OATH AND SAY THAT:
> 1.  I DO NOT AGREE WITH ANY FORECLOSURE JUDGMENT.
> 2.  I do NOT have sufficient knowledge to admit or deny the allegations for the corresponding paragraph in the complaint.

*Id.* at 1.

Because Micheaux's answer is not verified, Micheaux has presented no summary judgment evidence. And because Bishop's answer contains no factual assertions, Bishop has also presented no summary judgment evidence. *Cf. Lewis v. United States*, No. 3:16-cv-2477, 2018 WL 2164508, at *3 (N.D. Tex. Apr. 30, 2018) ("The verified complaint and sworn interrogatory answers of a *pro se* litigant can be

considered as summary judgment evidence to the extent that such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).").

And, for that reason, the Court is allowed to accept U.S. Bank's facts, if supported by evidence, as undisputed. *See Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012).

And "[a] court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

-21-

B. <u>The Court should deny summary judgment on U.S. Bank's non-judicial foreclosure claim.</u>

If U.S. Bank submits evidence of jurisdiction, the Court should deny summary judgment because U.S. Bank has not submitted evidence that Bishop and Micheaux are heirs of Decedents.

### 1. *U.S. Bank has standing to proceed with foreclosure as the proper party to enforce the remedies afforded to the lender.*

If U.S. Bank submits evidence of diversity jurisdiction, the Court should find that U.S. Bank is the proper party to enforce the remedies afforded to the lender under the terms of the Loan Agreement**.**

> Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6).
>
> Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." *See* TEX. BUS. & COM. CODE § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03–11–00429–CV, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.).

*EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App. – Houston

[14th Dist.] 2016, no pet.); TEX. PROP. CODE §§ 51.002, 51.0025.

U.S. Bank qualifies as a "mortgagee" under Chapter 51 of the Texas Property Code. *See* TEX. PROP. CODE § 51.0025; Dkt. No. 62 at 12-14. There is no dispute that it was the last assigned entity of record of the Deed of Trust. *See id.* at 14. And U.S. Bank can properly bring this claim.

### 2. But U.S Bank has not shown beyond peradventure that it is entitled to non-judicial foreclosure.

U.S. Bank asserts a cause of action of "non-judicial foreclosure." Dkt. No. 1 at 8. It seeks to enforce its lien through non-judicial foreclosure under Section 51.002 of the Texas Property Code. Dkt. No. 1 at 8. And it seeks a declaration from this court that it "is authorized to enforce its statutory probate lien against the Property through foreclosure." Dkt. No. 62 at 12.

"In Texas, to foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration." *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (cleaned up).

First, there is no dispute that a debt exists. Under the terms of the Loan Agreement, Decedents promised to repay the original principal sum of $56,000 plus interest. *See* Dkt. No. 62 at 15; Dkt. No. 63-1 at 5-10.

Second, the debt is secured by a lien on the Property because Decedents

executed a Texas Home Equity Security Instrument ("Deed of Trust" or "Security Instrument"), which was recorded in the Official Public Records of Dallas County as Document No. 200600396374. *See* Dkt. No. 1 at 5; Dkt. No. 62 at 7, 15. U.S. Bank provided a copy of the Security Instrument reflecting the same. *See* Dkt. No. 63-1 at 11-26.

Third, there is no dispute that there is a default on the loan. U.S. Bank submitted a copy of the notice of default showing that all payments under the Loan Agreement, including and after the one due on November 1, 2022, are owed. *See* Dkt. No. 62 at 8; Dkt. No. 63-1 at 31-37.

Fourth, the summary judgment evidence shows that U.S. Bank sent notice of default and of loan acceleration via certified mail to the Property address. *See* Dkt. No. 1 at 7*;* Dkt. No. 63-1 at 31-50.

"Under Texas law, a lender may not foreclose on a debt without providing both a notice of intent to accelerate and a notice of acceleration." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982)). "After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure." *Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438 (5th Cir. 2017).

"Service of notice is complete when the notice is sent via certified mail." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

U.S. Bank "need not prove [Defendants] actually received the notices [because]

… the [Loan Agreement] designated the Property's address as the 'notice address,' and under the latter, notice to one debtor, including Decedent, constituted notice to all debtors." *U.S. Bank Trust Nat'l Assoc. v. Chae*, No. 3:22-cv-2740-S-BK, 2023 WL 8531803, at *3 n.5 (N.D. Tex. Nov. 3, 2023); *see* Dkt. No. 63-1 at 7.

And, so, U.S. Bank has met the elements for non-judicial foreclosure.

But, while some courts have found that non-judicial foreclosure is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019). While U.S. Bank does not plead a breach of contract claim in its complaint, it refers to the Loan Agreement as a "mortgage contract." *See* Dkt. No. 1 at 5. And it states this suit arises, in part, out of a "material breach" of that mortgage contract. *See* Dkt. No. 1 at 8.

And, so, the Court should treat the request for non-judicial foreclosure as containing a breach of contract claim, and the undersigned analyzes it under that framework as well.

In Texas, the essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.*" Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). "A breach occurs when a party fails to perform a duty required by the contract." *Id.*

Here, there is no dispute that the Loan Agreement is a valid contract nor that U.S. Bank fulfilled its requirements under its terms and the Texas Property Code. U.S. Bank is the owner of the Loan Agreement. Under the original terms, Decedents promised to pay monthly payments of the original principal sum of $56,000.00 bearing an interest rate of 11.499%. *See* Dkt. No. 63-1 at 6. Mortgage Electronic Registration Systems, Inc., the original security interest holder, transferred and assigned the agreement to U.S. Bank. *See* Dkt. No. 62 at 7; Dkt. No. 63-1 at 27-30.

Decedents failed to make monthly payments after November 1, 2022 and did not timely cure the default. *See* Dkt. No. 62 at 8; Dkt. No. 63-1 at 31-37.

U.S. Bank has shown quantifiable damages by including the unpaid amount that caused the default under the Loan Agreement, which remained uncured and caused the loan maturity to accelerate. *See id.*; *cf. U.S. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr., Inc. 2006-NC2, Asset Backed Pass Through Certificates Series 2006-NC2 v. Borunda*, No. EP-15-cv-109-PRM, 2016 WL 11578522, at *4 (W.D. Tex. Apr. 18, 2016) (finding the plaintiff had not shown damages with a reasonable degree of certainty necessary for breach of contract when they did not include any records of the defendants' payment history or records showing there was a specific and certain balance owing on the loan).

But U.S. Bank has provided only allegations, and no evidence, that Bishop or Micheaux – or any of the named Defendants – are heirs of the Decedents and, so, inherited the Decedents' debts, including the one under the Loan Agreement. U.S. Bank's complaint is not verified, and U.S. Bank seeks to use its own assertions of fact

to prove its claim. And, so, although Bishop and Micheaux have not responded to the motion, U.S. Bank's allegations of heirship cannot carry its burden of proof. *Cf. Golden Spread Cooperative, Inc. v. Emerson Process Mgmt. Power & Water Solutions, Inc.*, 360 F. Supp. 3d 494, 505 n.7 (N.D. Tex. 2019) (allowing allegations to be used as summary judgment evidence "only where a verified pleading meets Rule 56(e)'s stringent summary judgment affidavit requirements" or "where a defendant seeks to use a complaint's allegations against the plaintiff" (citing *Isquith ex rel. Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186 (5th Cir. 1988)).

And the Court cannot hold Bishop and Micheaux in breach of the Loan Agreement where U.S. Bank has not proved that they inherited the obligations of the agreement. *Cf. U.S. Bank Trust Co., Nat'l Ass'n, as Tr. to US Bank Nat'l Ass'n v. Godeaux*, No. 1:24-cv-519-MAC-CLS, 2025 WL 3482174, at *5 (E.D. Tex. Sept. 22, 2025) (finding breach of loan agreement by defendants where Court could accept as true that defendants were "the heir[s]-at-law of Decedent, meaning [they] acquired Decedent's interest and debt in the Property"); *Wilmington Savings Fund Soc'y, FSB v. King-Johnson*, No. 3:23-cv-237-BN, 2024 WL 4031829, at *7 (finding "[d]efendants breached the contract" where plaintiff provided evidence that defendants – deceased borrower's heirs – "did not pay their monthly payments, resulting in default").

The undersigned notes that U.S. Bank "requests the Court take judicial notice of all of the filings, claims, pleadings and orders in the federal court civil and bankruptcy filings referenced above as they are all public record." Dkt. No. 62 at 9. And it "also requests the Court take judicial notice of the public documents recorded

-27-

in the public records." *Id.* But U.S. Bank points to no specific public records of which the Court may take judicial notice, and that were not already attached as exhibits to the motion or complaint, that could provide evidence of heirship.

And, so, U.S. Bank has not proved beyond peradventure that Bishop and Micheaux breached the mortgage contract. And – if U.S. Bank provides evidence of diversity jurisdiction – the Court should deny summary judgment on its non-judicial foreclosure claim against Bishop and Micheaux.

C. U.S. Bank is not entitled to a declaration that U.S. Bank has, or is authorized to enforce, a statutory probate lien against the Property.

U.S. Bank asks the Court to issue a declaratory judgment that U.S. Bank has and may enforce a statutory probate lien against the Property. *See* TEX. EST. CODE §§ 101.001(b), 101.051(b)(1); *see also Chae*, 2023 WL 8531803, at *3.

Under the relevant sections of the Texas Estates Code, a decedent's estate and its debts immediately pass to the decedent's heirs at law. *See* TEX. EST. CODE §§ 101.001(b), 101.051(b)(1). One who holds an unpaid claim against a decedent's estate may seek to enforce a statutory probate lien against the property in the hands of, among other individuals, the decedent's heirs. *See Chae*, 2023 WL 8531803, at *3.

As discussed in previous sections, U.S. Bank has shown that there was a debt, secured by the lien, on the Property. *See* Dkt. No. 63-1 at 5-26.

And U.S. Bank alleges that Decedents died intestate, no probate was opened for them, and, so, Bishop and Micheaux are heirs who acquired Decedents' interest in the Property subject to the debt owed by U.S. Bank. *See* Dkt. No. 1 at 2-3. But, as

explained above, U.S. Bank does not provide evidence to support these allegations.

And, so, the Court should not issue a declaratory judgment that U.S. Bank has or may enforce a statutory probate lien against the Property. *Cf. Deutsche Bank Nat'l Trust Co. v. Mandujano*, No. SA-23-cv-01098-JKP, 2026 WL 49604, at \*8 (W.D. Tex. Jan. 5, 2026) (awarding declaratory judgment that plaintiff had statutory probate lien where "summary judgment and procedural history of the case establish [defendant] is an heir[-]at-law of [decedent], the original mortgagee, [] [defendant] received an interest in the Property upon [decedent's] death, … [and] defendant did not cure the default").

If U.S. Bank provides evidence of diversity jurisdiction, the Court should deny summary judgment on its non-judicial foreclosure claim and deny declaratory relief.

**III.   If U.S. Bank supplies evidence of diverse citizenship and the Court denies summary judgment against Bishop and Micheaux, the Court should deny default judgment against the Defaulting Defendants.**

U.S. Bank moves for default judgment against the remaining Defaulting Defendants, asserting the same claims as it asserts against Bishop and Micheaux – that is, U.S. Bank, in its motion for default judgment, asks the Court to issue declaratory relief and authorize U.S. Bank to initiate non-judicial foreclosure proceedings on the Property. *See* Dkt. No. 61.

The undersigned finds that, evaluating the merits of the default judgment motion separately, U.S. Bank would be entitled to its requested relief against the Defaulting Defendants. But, as explained above, if the Court dismisses this case without prejudice, it cannot enter default judgment, even if subject-matter

-29-

jurisdiction has been properly alleged in the complaint.

And, even with evidence of subject matter jurisdiction, granting default judgment against the Defaulting Defendants while denying summary judgment against Bishop and Micheaux with regard to the same Property would lead to inconsistent results.

And, so – if U.S. Bank provides evidence of diversity jurisdiction and the Court denies summary judgment – the Court should also deny default judgment.

A. U.S. Bank has alleged subject matter jurisdiction and personal jurisdiction.

"In evaluating the merits of a motion for default judgment, the Court treats the well-pleaded facts in the movant's complaint as true." *GuideOne Ins. Co. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. 2011) (citing *Nishimatsu v. Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Although it has not submitted evidence of citizenship, U.S. Bank has alleged that there is jurisdiction over the parties. As explained above, U.S. Bank has alleged that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees.

And, so, for purposes of default judgment, diversity jurisdiction exists on the pleadings.

A judgment "without personal jurisdiction is void," and a "district court has the duty to ensure it has the power to enter a valid default judgment." *Sys. Pipe & Supply*, 242 F.3d at 324.

-30-

"[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Associates, L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

The lawsuit concerns real property located in the Northern District of Texas. *See* Dkt. No. 1 at 3.

And, so, this Court has personal jurisdiction over the Defaulting Defendants.

B. <u>The procedural requirements for default judgment have been met.</u>

U.S. Bank has satisfied the prerequisites for entry of default judgment against the Defaulting Defendants.

On December 14, 2023, U.S. Bank served Schnika McKissic, individually and as legal guardian for E.T.; Natalie Versey; and Montoya Targton. *See* Dkt. No. 8, 11, 13. It served Terry Targton, Jr. on December 19, 2023. *See* Dkt. No. 10. And it served Tariq Targon by publication, with leave of the Court, on October 1, 2024. *See* Dkt. Nos. 38 & 40.

The Clerk has entered default against the Defaulting Defendants. *See* Dkt. No. 25, 60.

U.S. Bank attached Exhibit B to its motion to support the allegations that the Defaulting Defendants are not minors or incompetent persons. *See* Dkt. No. 63-1 at 54.

Exhibit B also supports the allegations that the Defaulting Defendants were

not in active military service. *See* Dkt. No. 28-1 at 51-69. It includes an affidavit and military status reports for each Defaulting Defendant under the Servicemembers Civil Relief Act and establishes that they are not in active duty status. *See id*; *GS Holistics v. OMS Inv.*, LLC, No. 3:23-cv-1024-L, 2024 WL 3092445, at *2 (N.D. Tex. June 21, 2024) (citing 50 U.S.C. § 3931(b)(4)) ("[T]he Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking entry of a default judgment to file an affidavit 'stating whether or not the defendant is in military service and showing necessary facts to support the affidavit.' The SCRA's affidavit requirement 'may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury.'").

There is no evidence before the Court that a "good faith mistake or excusable neglect" caused any of Defaulting Defendants to default. *See Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at *3 (N.D. Tex. Dec. 14, 2018).

And, so, U.S. Bank meets the procedural requirements for entry of default judgment against the Defaulting Defendants.

C. U.S. Bank's pleading supports default judgment.

***1. U.S. Bank has standing to initiate non-judicial foreclosure and meets the elements required for non-judicial foreclosure.***

U.S. Bank seeks to enforce its lien through non-judicial foreclosure under Section 51.002 of the Texas Property Code. Dkt. No. 1 at 8.

As explained above, U.S. Bank has standing to initiate a non-judicial

-32-

foreclosure against the Property and has met the elements for non-judicial foreclosure, including as to the Defaulting Defendants.

But, again, the undersigned will also analyze the request for non-judicial foreclosure as a breach of contract claim against the Defaulting Defendants.

As discussed above, U.S. Bank is the owner of the Loan Agreement and, under the original terms, Decedents promised to pay monthly payments of the original principal sum of $56,000.00 bearing an interest rate of 11.499%. *See* Dkt. No. 1-1 at 2. Mortgage Electronic Registration Systems, Inc. transferred and assigned the agreement to U.S. Bank. *See* Dkt. No. 1 at 6. U.S. Bank alleges all conditions have been performed to enforce its security interest against the Property. *See id.* at 7. Decedents failed to make monthly payments after November 1, 2022, and the default was not timely cured. *Id.* And U.S. Bank has shown quantifiable damages of the unpaid amount. *See* Dkt. No. 1-1 at 35-40.

And, although it did not provide evidence of heirship, for purposes of default judgment, the Court may accept as true U.S. Bank's allegation that Schnika McKissic, individually and as the legal guardian of E.T., is the daughter-in-law of the Decedents; Natalie Versey and Montoya Targton are the granddaughters of the Decedents; Terry Targton, Jr. and Tariq Targon are the grandsons of the Decedents; and, so, all the Defaulting Defendants are heirs of the Decedents and "acquired all of their interest in the Property immediately upon their deaths – subject to the Loan Agreement debt owed to [U.S. Bank]." *See* Dkt. No. 1 at 2-3, 6.

Taking the allegations in the complaint to be true, U.S. Bank has satisfied the

-33-

elements of a breach of contract claim in showing (1) a valid contract existed in the form of a Loan Agreement; (2) that U.S. Bank fully performed under the Loan Agreement; (3) Defaulting Defendants failed to perform in paying under the Loan Agreement; and (4) U.S. Bank sustained damages for the unpaid payments as a result of the breach.

And, so, U.S. Bank pleaded adequately pleaded a breach of contract claim against the Defaulting Defendants.

### 2. U.S. Bank is entitled to a declaration that U.S. Bank has a statutory probate lien against the Property.

The undersigned concludes that U.S. Bank has adequately pleaded that it has a statutory probate lien against the Property. *See* TEX. EST. CODE §§ 101.001(b), 101.051(b)(1); *see also Chae*, 2023 WL 8531803, at *3.

U.S. Bank adequately alleges that Decedents died intestate, no probate was opened for them, and therefore, Defendant Schnika McKissic, individually and as legal guardian for E.T., as Decedents' daughter in law, and Defendants Natalie Versey, Montoya Targton, and Terry Targton, Jr., as Samuel Woodley's grandchildren, are heirs who acquired Decedents' interest in the Property subject to the debt owed by U.S. Bank. *See* Dkt. No. 1 at 2-3, 6.

As discussed in previous sections, U.S. Bank has shown that there was a debt, secured by the lien, on the Property. *See* Dkt. No. 1 at 5. And U.S Bank has alleged that the Defaulting Defendants are Decedent's heirs. And, so, the Court should grant U.S. Bank's request for a declaration of its statutory probate lien.

### 3. U.S. Bank is entitled to its reasonable attorneys' fees from the Defaulting Defendants.

U.S. Bank requests attorneys' fees in its complaint, *see* Dkt. No. 1 at 9, and motion for default judgment, *see* Dkt. No. 62 at 17. If U.S. Bank's motion were granted, U.S. Bank would be entitled reasonable attorneys' fees in accordance with the Loan Agreement and Section 38.001 of the Texas Civil Practice and Remedies Code.

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, Nat. Ass'n*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Santry v. Ocwen Loan Servicing LLC*, No. 3:23-cv-649-K-BN, 2024 WL 4229990, at \*9 (N.D. Tex. Sept. 3, 2024).

Here, the Loan Agreement states that, "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note[.]... Those expenses include, for example, reasonable attorneys' fees." Dkt. No. 1-1 at 3.

Because it is permitted in the relevant loan documents, U.S. Bank is entitled to its reasonable attorneys' fees for pursuing its non-judicial foreclosure claim under the Loan Agreement. *See Santry*, 2024 WL 4229990, at \*9.

D. <u>But granting default judgment against Defaulting Defendants at this time would lead to inconsistent results.</u>

As explained in its Order Withdrawing Findings, Conclusions, and

Recommendation of the United States Magistrate Judge [Dkt. No. 46], the Fifth Circuit has cautioned against inconsistent judgments.

Specifically, the Fifth Circuit has provided that, "[w]hen a case involves multiple defendants, courts may not grant default judgments against one defendant if doing so would conflict with the position taken by another defendant." *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022) (cleaned up). "This rule is based on the principle that 'a final decree on the merits against the defaulting defendant[s] alone, pending the continuance of the cause, would be incongruous[.]'" *Deutsche Bank Nat'l Tr. Co. v. Lares*, No. EP-17-cv-237-PRM, 2017 WL 10575169, at *1 (W.D. Tex. Dec. 21, 2017) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)).

Here, U.S. Bank's claims against Bishop, Micheaux, and the Defaulting Defendants involve the same Property. Declaring that U.S. Bank has a statutory probate lien on the Property and allowing it to foreclose on the Property in a default judgment against some defendants while declining to award the same relief at this time against Bishop and Micheaux would be "incongruous." *Id.* ("[W]here Plaintiff seeks a declaratory judgment granting it the right to foreclose upon a piece of property under dispute … [g]ranting default judgment against the defaulting Defendants while the matter is still being litigated by Defendant Cynthia Lares raises the prospect of multiple conflicting judgments regarding the same property.").

If U.S. Bank had provided summary judgment evidence of heirship that would warrant granting summary judgment on all of its claims against Bishop and Micheaux, then a default judgment against the Defaulting Defendants would not lead

to inconsistent results. And the Court could, and should, grant default judgment in such a case. But that is not the case here.

And, so – if U.S. Bank provides evidence of diversity jurisdiction and the Court denies summary judgment – the Court should decline to grant default judgment against the Defaulting Defendants at this time. And it should not award attorneys' fees to U.S. Bank.

But if U.S. Bank fails to provide evidence of diversity jurisdiction, the Court should dismiss this lawsuit without prejudice and decline to rule on the summary judgment and default judgment motion.

## Conclusion

The Court should dismiss this lawsuit without prejudice for lack of subject matter jurisdiction.

But if, within the time to file objections, Plaintiff U.S. Bank Trust Company National Association provides evidence to support its jurisdictional allegations, the Court should deny U.S. Bank's Motion for Summary Judgment and Motion for Default Judgment [Dkt. No. 61].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

-37-

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 19, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE