IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, for asset backed funding corporation asset backed certificates 2006 HE1,<br><br>Plaintiff,<br><br>V.<br><br>FALISSA MICHEAUX, SCHNIKA MCKISSIC, individually and as legal guardian for E.T., NATALIE VERSEY, TANOSHA BISHOP, MONTOYA TARGTON, TERRY TARGTON, JR., and TARIQ TARGTON,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § | No. 3:23-cv-2692-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff U.S. Bank Trust Company National Association, for asset backed

funding corporation asset backed certificates 2006 HE1, ("U.S. Bank") filed a Motion

for Summary Judgment and Motion for Default Judgment. *See* Dkt. No. 61. U.S. Bank

seeks summary judgment against Defendants Tanosha Bishop and Falissa Micheaux.

*See id.* And it seeks default judgment against Defendants Schnika McKissic,

individually and as legal guardian for E.T.; Natalie Verser; Montoya Targton; Terry

Targton, Jr.; and Tariq Targton (collectively, "Defaulting Defendants"). *See id.*

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and an order of reference from

United States District Judge Karen Gren Scholer. *See* Dkt. No. 4.

For the following reasons, the Court should grant U.S. Bank's motion for summary judgment and default judgment [Dkt. No. 61].

## Background

This case concerns a mortgage and foreclosure. U.S. Bank alleges that Decedents Samuel and Cynthia Woodley executed a Loan Agreement, consisting of a Note and Security Interest, in the property 3976 Avocado Drive, Dallas, Texas 75241 (the "Property"). *See* Dkt. No. 1 at 3, 5. U.S. Bank states that the note went into default, U.S. Bank accelerated the maturity of the debt, and the default was not cured. *See id.* at 6-7.

U.S. Bank brings this suit for declaratory judgment, enforcement of statutory probate lien, and non-judicial foreclosure against Decedents' alleged heirs – Falissa Micheaux; Tanosha Bishop; Schnika McKissic, individually and as legal guardian for E.T.; Natalie Versey; Montoya Targton; Terry Targton, Jr.; and Tariq Targton. *See id.* at 1-3, 7-9. Tanosha Bishop and Falissa Micheaux filed answers. *See* Dkt. Nos. 12 & 14.

Schnika McKissic, Natalie Versey, and Montoya Targton were served on December 14, 2023, *see* Dkt. No. 8, 11, 13, and Terry Targton, Jr. was served on December 19, 2023. *See* Dkt. No. 10. Tariq Targton was served by publication on October 1, 2024. *See* Dkt. No. 40. To date, the Defaulting Defendants have failed to answer or otherwise appear in this case. *See* Dkt. No. 62 at 16-17.

The Clerk of the Court made entry of default as to the Defaulting Defendants

– other than Tariq Targton – on April 11, 2024. *See* Dkt. No. 25. The Clerk made entry of default as to Tariq Targton on July 7, 2025. *See* Dkt. No. 60.

On April 19, 2024, U.S. Bank moved for partial default judgments against all Defaulting Defendants other than Tariq Targton. *See* Dkt. No. 28. After entering its findings, conclusions, and recommendation on the motion, *see* Dkt. No. 44, the undersigned withdrew its report, *see* Dkt. No. 46. In light of Fifth Circuit case law, the undersigned determined that it could not grant default judgment against some of the Defendants while two other Defendants – Bishop and Micheaux – were contesting the foreclosure judgment. *See id.* U.S. Bank then withdrew its motion for partial default judgment. *See* Dkt. No. 47.

On August 8, 2025, U.S. Bank moved for a default judgment against the Defaulting Defendants and summary judgment against Bishop and Micheaux. *See* Dkt. No. 61.

U.S. Bank filed a Notice of No Response by Defendants on December 18, 2025. *See* Dkt. No. 64. Bishop and Micheaux still have not responded to the motion.

The undersigned entered findings, conclusions, and recommendation on January 19, 2026 that the Court should dismiss the case for lack of subject-matter jurisdiction and, if U.S. Bank provided evidence of jurisdiction, deny the motion [Dkt. No. 61] for lack of evidence. *See* Dkt. No. 65.

U.S. Bank filed objections to the undersigned's report and provided evidence of jurisdiction and heirship. *See* Dkt. No. 66. The undersigned withdrew its report [Dkt. No. 65] and now enters these findings, conclusions, and recommendation to address

the objections and new evidence. *See* Dkt. No. 67.

## Legal Standards

### I. Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R.

CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences

are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)); *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019) (A court must "view the evidence and draw all justifiable inferences in favor of the nonmovant. Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; the nonmovant 'must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.'" (footnotes omitted)).

So, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation

marks omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and

internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

But, if "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense," for example, that movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Accordingly, the moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). That is, "[w]hen the party moving for summary judgment also bears the burden

of proving the claim, he must establish that there is no genuine dispute of material fact as to every element of its claim, so that the evidence is so overwhelming that he is entitled to judgment in his favor." *Turner v. Criswell*, No. 4:19-cv-226-ALM-CAN, 2020 WL 1901086, at *3 (E.D. Tex. Jan. 6, 2020) (cleaned up), *rec, adopted*, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020).

"If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Evanston Ins. Co. v. Lapolla Indus., Inc.*, 93 F. Supp. 3d 606, 611 (S.D. Tex.) (cleaned up; quoting *Meecorp Cap. Markets LLC v. Tex-Wave Indus. LP*, 265 F. App'x 155, 158 (5th Cir. 2008) (per curiam) (quoting *Little*, 37 F.3d at 1075, *aff'd*, 634 F. App'x 439 (5th Cir. 2015) (per curiam).

And, on a plaintiff's motion seeking summary judgment in its favor on its own claims, the Court will "draw all reasonable inferences in favor of the non-moving party" – that is, in favor of the defendant. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

And, so, this "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007); *accord Wilson v. Dall. Indep. Sch. Dist.*, No. 3:18-cv-34-G-BN, 2020 WL 825819, at *7 (N.D. Tex. Jan. 17, 2020) ("[B]eyond peradventure" means "beyond doubt." (cleaned up)), *rec. adopted*, 2020 WL 821034 (N.D. Tex. Feb. 18, 2020).

But, on a plaintiff's motion on its own claim, "summary judgment is appropriate where the evidence would require a directed verdict." *Hernandez v.*

*Trendy Collections, LLC*, No. 3:17-cv-2049-BN, 2018 WL 4103723, at \*13 (N.D. Tex. Aug. 29, 2018) (cleaned up).

That is, a plaintiff may prevail on its claim on its own motion where, drawing all inferences in the defendant's favor and viewing the summary judgment in the light most favorable to the defendant, the evidence is "so overwhelmingly in favor of [the plaintiff] that no reasonable jury could [arrive] at a verdict other than that [the plaintiff] proved" every essential element of its claim against the defendant. *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 550 (N.D. Tex. 2011), *aff'd*, 709 F.3d 515 (5th Cir. 2013).

## II.    <u>Default Judgment</u>

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at \*2-\*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id*. The Clerk will enter default when default is established by an affidavit or otherwise. *See id*. After the Clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id*.

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are

-11-

clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

### I.    The Court should grant summary judgment on U.S. Bank's non-judicial foreclosure claim against Bishop and Micheaux.

#### A. The Court has subject-matter jurisdiction.

The Court must begin with its subject matter jurisdiction – its "power to say

-12-

what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023); *see also Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

U.S. Bank filed this lawsuit in federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1. And, as the party invoking the Court's subject-matter jurisdiction "[a]t the summary judgment stage," U.S. Bank "must provide evidence sufficient to support a jury finding of the citizenship of each" party. *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024).

U.S. Bank alleges that is a national association and trustee of a trust. *See* Dkt. No. 1 at 3. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, the citizenship of the trustee controls, not the citizenship of the beneficiaries of the trust. *See Bank of New York Mellon Tr. Co., Nat'l Ass'n v. Meachum*, No. 3:18-cv-2630-S-BN, 2019 WL 1015244, at *1 (N.D. Tex. Feb. 4, 2019), *rec. adopted*, 2019 WL 1014653 (N.D. Tex. Mar. 4, 2019).

U.S. Bank's Articles of Association identify it as a national banking association that is chartered and has its main office in Ohio, making it a citizen of Ohio for

diversity purposes. *See* Dkt. No. 66-1 at 2-20; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

And U.S. Bank has submitted evidence that that Schnika McKissic, individually and as legal guardian for E.T., and Falissa Micheaux are citizens of Michigan and that Natalie Versey, Tanosha Bishop, Montoya Targton, Terry Targton, Jr., and Tariq Targton are citizens of Texas. *See* Dkt. No. 66-1 at 35-79.

Through its objections, *see* Dkt. Nos. 66 & 66-1, U.S. Bank has provided evidence sufficient to support a jury finding as to the parties' citizenship and to establish that complete diversity between the parties exists, *see SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023); *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

As to the amount in controversy, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg.*, L.L.C., 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Here, the "object" of the litigation is the Property.

U.S. Bank has submitted evidence that the Dallas County Central Appraisal District valued the Property at $149,020 in 2023, which is well above the $75,000 threshold jurisdictional requirement. *See* Dkt. No. 66-1 at 22-24.

And, so, because the evidence supports that U.S. Bank is a citizen of Ohio, Defendants are citizens of Michigan and Texas, and the value of the Property exceeds

the $75,000 threshold, the summary judgment evidence supports diversity of citizenship.

### B. The Court cannot grant the motion for summary judgment based on the lack of response alone.

In its Notice of No Response by Defendants to Plaintiff's Motion for Summary Judgment and Motion for Default Judgment, U.S. Bank contends that "the Court may consider Plaintiff's Motions as unopposed. Accordingly, Plaintiff respectfully requests the Court grant Plaintiff's Motions and grant Plaintiff its requested relief." Dkt. No. 64 at 2.

Fifth Circuit authority does not support this suggested approach.

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela* at 678-79; *Hargrave*, 710 F.2d at 1163-64.").

In the published decisions in this line of Fifth Circuit cases supporting a

district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at 1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

> As the United States Court of Appeals for the Fifth Circuit has explained,
>
> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the

district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, the Court cannot grant U.S. Bank's motion

for summary judgment [Dkt. No. 61] solely because Bishop and Micheaux failed to file a response in opposition to the motion.

But, under Rule 56 and the governing law,

"[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]

FED. R. CIV. P. 56(e)(2), (3).

*Boyd*, 2023 WL 4141052, at *1.

Here, Micheaux's answer is unverified. *See* Dkt. No. 14. Bishop's answer consists of a sworn affidavit with her own signature. *See* Dkt. No. 12. But it states only:

> I, TANOSHA BISHOP, of FORNEY, in KAUFMAN, Texas, MAKE OATH AND SAY THAT:
> 1.  I DO NOT AGREE WITH ANY FORECLOSURE JUDGMENT.
> 2.  I do NOT have sufficient knowledge to admit or deny the allegations for the corresponding paragraph in the complaint.

*Id.* at 1.

Because Micheaux's answer is not verified, Micheaux has presented no summary judgment evidence. And because Bishop's answer contains no factual assertions, Bishop has also presented no summary judgment evidence. *Cf. Lewis v. United States*, No. 3:16-cv-2477, 2018 WL 2164508, at *3 (N.D. Tex. Apr. 30, 2018)

-18-

("The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent that such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).").

And, for that reason, the Court is allowed to accept U.S. Bank's facts, if supported by evidence, as undisputed. *See Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012).

And "[a] court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting

-19-

materials show plaintiffs are entitled to it.").

**C. But the Court should grant summary judgment on U.S. Bank's non-judicial foreclosure claim.**

While the undersigned previously recommended denying U.S. Bank's motion for failure to meet all the elements of a breach of contract claim, *see* Dkt. No. 65, it now recommends that the Court should grant summary judgment because U.S. Bank has submitted evidence that Bishop and Micheaux are Decedents' heirs, *see* Dkt. No. 66-1 at 25-33.

1. <u>U.S. Bank has standing to proceed with foreclosure as the proper party to enforce the remedies afforded to the lender.</u>

The Court should find that U.S. Bank is the proper party to enforce the remedies afforded to the lender under the terms of the Loan Agreement.

> Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6).
>
> Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." *See* TEX. BUS. & COM. CODE § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03–11–00429–CV, 2012 WL 1839357, at \*4 (Tex.

App.—Austin May 18, 2012, pet. denied) (mem. op.).

*EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App. – Houston [14th Dist.] 2016, no pet.); TEX. PROP. CODE §§ 51.002, 51.0025.

U.S. Bank qualifies as a "mortgagee" under Chapter 51 of the Texas Property Code. *See* TEX. PROP. CODE § 51.0025; Dkt. No. 62 at 12-14. There is no dispute that it was the last assigned entity of record of the Deed of Trust. *See id.* at 14. And U.S. Bank can properly bring this claim.

2. U.S. Bank has shown beyond peradventure that it is entitled to non-judicial foreclosure.

U.S. Bank asserts a cause of action of "non-judicial foreclosure." Dkt. No. 1 at 8. It seeks to enforce its lien through non-judicial foreclosure under Section 51.002 of the Texas Property Code. Dkt. No. 1 at 8. And it seeks a declaration from this court that it "is authorized to enforce its statutory probate lien against the Property through foreclosure." Dkt. No. 62 at 12.

"In Texas, to foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration." *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (cleaned up).

First, there is no dispute that a debt exists. Under the terms of the Loan Agreement, Decedents promised to repay the original principal sum of $56,000 plus

-21-

interest. *See* Dkt. No. 62 at 15; Dkt. No. 63-1 at 5-10.

Second, the debt is secured by a lien on the Property because Decedents executed a Texas Home Equity Security Instrument ("Deed of Trust" or "Security Instrument"), which was recorded in the Official Public Records of Dallas County as Document No. 200600396374. *See* Dkt. No. 1 at 5; Dkt. No. 62 at 7, 15. U.S. Bank provided a copy of the Security Instrument reflecting the same. *See* Dkt. No. 63-1 at 11-26.

Third, there is no dispute that there is a default on the loan. U.S. Bank submitted a copy of the notice of default showing that all payments under the Loan Agreement, including and after the one due on November 1, 2022, are owed. *See* Dkt. No. 62 at 8; Dkt. No. 63-1 at 31-37.

Fourth, the summary judgment evidence shows that U.S. Bank sent notice of default and of loan acceleration via certified mail to the Property address. *See* Dkt. No. 1 at 7*;* Dkt. No. 63-1 at 31-50.

"Under Texas law, a lender may not foreclose on a debt without providing both a notice of intent to accelerate and a notice of acceleration." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 875 (5th Cir. 2021) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982)). "After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure." *Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438 (5th Cir. 2017).

"Service of notice is complete when the notice is sent via certified mail."

*Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

U.S. Bank "need not prove [Defendants] actually received the notices [because] … the [Loan Agreement] designated the Property's address as the 'notice address,' and under the latter, notice to one debtor, including Decedent, constituted notice to all debtors." *U.S. Bank Trust Nat'l Assoc. v. Chae*, No. 3:22-cv-2740-S-BK, 2023 WL 8531803, at *3 n.5 (N.D. Tex. Nov. 3, 2023); *see* Dkt. No. 63-1 at 7.

And, so, U.S. Bank has met the elements for non-judicial foreclosure.

While some courts have found that non-judicial foreclosure is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019). While U.S. Bank does not plead a breach of contract claim in its complaint, it refers to the Loan Agreement as a "mortgage contract." *See* Dkt. No. 1 at 5. And it states this suit arises, in part, out of a "material breach" of that mortgage contract. *See* Dkt. No. 1 at 8.

And, so, the Court should treat the request for non-judicial foreclosure as containing a breach of contract claim, and the undersigned analyzes it under that framework as well.

In Texas, the essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.*" Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th

Cir. 2007). "A breach occurs when a party fails to perform a duty required by the contract." *Id.*

Here, there is no dispute that the Loan Agreement is a valid contract nor that U.S. Bank fulfilled its requirements under its terms and the Texas Property Code. U.S. Bank is the owner of the Loan Agreement. Under the original terms, Decedents promised to pay monthly payments of the original principal sum of $56,000 bearing an interest rate of 11.499%. *See* Dkt. No. 63-1 at 6. Mortgage Electronic Registration Systems, Inc., the original security interest holder, transferred and assigned the agreement to U.S. Bank. *See* Dkt. No. 62 at 7; Dkt. No. 63-1 at 27-30.

Decedents failed to make monthly payments after November 1, 2022 and did not timely cure the default. *See* Dkt. No. 62 at 8; Dkt. No. 63-1 at 31-37.

An heir-search investigation found that Decedents died intestate and identified each Defendant as one of Decedents' heirs. *See* Dkt. No. 66-1 at 25-33. And, so, U.S. Bank has submitted evidence to support a jury finding that Bishop and Micheaux inherited Decedents' debts, including the one under the Loan Agreement. *See U.S. Bank Trust Co., Nat'l Ass'n v. Godeaux*, No. 1:24-cv-519-MAC-CLS, 2025 WL 3482174, at *5 (E.D. Tex. Sept. 22, 2025) (finding breach of loan agreement by defendants where the court could accept as true that defendants were "the heir[s]-at-law of Decedent, meaning [they] acquired Decedent's interest and debt in the Property"); *Wilmington Savings Fund Soc'y, FSB v. King-Johnson*, No. 3:23-cv-237-BN, 2024 WL 4031829, at *7 (finding "[d]efendants breached the contract" where plaintiff provided evidence that defendants – deceased borrower's heirs – "did not pay

-24-

their monthly payments, resulting in default").

U.S. Bank has shown quantifiable damages by including the unpaid amount that caused the default under the Loan Agreement, which remained uncured and caused the loan maturity to accelerate. *See* Dkt. No. 62 at 8; Dkt. No. 63-1 at 31-37; *cf. U.S. Bank Nat'l Ass'n v. Borunda*, No. EP-15-cv-109-PRM, 2016 WL 11578522, at *4 (W.D. Tex. Apr. 18, 2016) (finding that plaintiff had not shown damages with a reasonable degree of certainty necessary for breach of contract where they did not include any records of the defendants' payment history or records showing there was a specific and certain balance owing on the loan).

And, so, U.S. Bank has proved beyond peradventure that Bishop and Micheaux breached the mortgage contract.

The Court should grant summary judgment on U.S. Bank's non-judicial foreclosure claim against Bishop and Micheaux.

### D. U.S. Bank is entitled to a declaration that it has, or is authorized to enforce, a statutory probate lien against the Property.

U.S. Bank asks the Court to issue a declaratory judgment that U.S. Bank has and may enforce a statutory probate lien against the Property. *See* TEX. EST. CODE §§ 101.001(b), 101.051(b)(1); *see also Chae*, 2023 WL 8531803, at *3.

Under the relevant sections of the Texas Estates Code, a decedent's estate and its debts immediately pass to the decedent's heirs at law. *See* TEX. EST. CODE §§ 101.001(b), 101.051(b)(1). One who holds an unpaid claim against a decedent's estate may seek to enforce a statutory probate lien against the property in the hands of,

among other individuals, the decedent's heirs. *See Chae*, 2023 WL 8531803, at *3.

As discussed in previous sections, U.S. Bank has shown that there was a debt, secured by the lien, on the Property and that Defendants are heirs who acquired Decedents' interest in the Property subject to the debt. *See* Dkt. No. 63-1 at 5-26; Dkt. No. 66-1 at 25-33.

And, so, the Court should issue a declaratory judgment that U.S. Bank has or may enforce a statutory probate lien against the Property. *See Deutsche Bank Nat'l Trust Co. v. Mandujano*, No. SA-23-cv-01098-JKP, 2026 WL 49604, at *8 (W.D. Tex. Jan. 5, 2026) (awarding declaratory judgment that plaintiff had statutory probate lien where "summary judgment and procedural history of the case establish [defendant] is an heir[-]at-law of [decedent], the original mortgagee, [ ] [defendant] received an interest in the Property upon [decedent's] death, … [and] defendant did not cure the default").

The Court should grant summary judgment on U.S. Bank's non-judicial foreclosure claim and award declaratory relief.

## II.   The Court should grant default judgment against the Defaulting Defendants.

U.S. Bank moves for default judgment against the remaining Defaulting Defendants, asserting the same claims as it asserts against Bishop and Micheaux – that is, U.S. Bank, in its motion for default judgment, asks the Court to issue declaratory relief and authorize U.S. Bank to initiate non-judicial foreclosure proceedings on the Property. *See* Dkt. No. 61.

-26-

The undersigned finds that U.S. Bank is entitled to its requested relief against the Defaulting Defendants.

While the undersigned previously found that U.S. Bank had not established Bishop and Micheaux's heirship as needed to prevail on summary judgment, U.S. Bank has since provided evidence of Defendant's heirship. And granting default judgment against the Defaulting Defendants would no longer lead to inconsistent results with summary judgment. *See* Dkt. No. 65; Dkt. No. 66-1 at 25-33; *cf. Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022).

And, so – if the Court grants summary judgment – the Court should also grant default judgment for the reasons explained below.

### A. U.S. Bank has alleged subject matter jurisdiction and personal jurisdiction.

As explained above, U.S. Bank has established that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees.

A judgment "without personal jurisdiction is void," and a "district court has the duty to ensure it has the power to enter a valid default judgment." *Sys. Pipe & Supply*, 242 F.3d at 324.

"[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Associates, L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due

process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

The lawsuit concerns real property located in the Northern District of Texas. *See* Dkt. No. 1 at 3.

And, so, this Court has personal jurisdiction over the Defaulting Defendants.

**B. The procedural requirements for default judgment have been met.**

U.S. Bank has satisfied the prerequisites for entry of default judgment against the Defaulting Defendants.

On December 14, 2023, U.S. Bank served Schnika McKissic, individually and as legal guardian for E.T.; Natalie Versey; and Montoya Targton. *See* Dkt. No. 8, 11, 13. It served Terry Targton, Jr. on December 19, 2023. *See* Dkt. No. 10. And it served Tariq Targon by publication, with leave of the Court, on October 1, 2024. *See* Dkt. Nos. 38 & 40.

The Clerk has entered default against the Defaulting Defendants. *See* Dkt. No. 25, 60.

U.S. Bank attached Exhibit B to its motion to support the allegations that the Defaulting Defendants are not minors or incompetent persons. *See* Dkt. No. 63-1 at 54.

Exhibit B also supports the allegations that the Defaulting Defendants were not in active military service. *See* Dkt. No. 28-1 at 51-69. It includes an affidavit and military status reports for each Defaulting Defendant under the Servicemembers Civil Relief Act and establishes that they are not in active duty status. *See id*; *GS*

*Holistics v. OMS Inv.*, LLC, No. 3:23-cv-1024-L, 2024 WL 3092445, at \*2 (N.D. Tex. June 21, 2024) (citing 50 U.S.C. § 3931(b)(4)) ("[T]he Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking entry of a default judgment to file an affidavit 'stating whether or not the defendant is in military service and showing necessary facts to support the affidavit.' The SCRA's affidavit requirement 'may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury.'").

There is no evidence before the Court that a "good faith mistake or excusable neglect" caused any of Defaulting Defendants to default. *See Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at \*3 (N.D. Tex. Dec. 14, 2018).

And, so, U.S. Bank meets the procedural requirements for entry of default judgment against the Defaulting Defendants.

### C. U.S. Bank's pleadings support default judgment.

1. <u>U.S. Bank has standing to initiate non-judicial foreclosure and meets the elements required for non-judicial foreclosure.</u>

U.S. Bank seeks to enforce its lien through non-judicial foreclosure under Section 51.002 of the Texas Property Code. Dkt. No. 1 at 8.

As explained above, U.S. Bank has standing to initiate a non-judicial foreclosure against the Property and has met the elements for non-judicial foreclosure, including as to the Defaulting Defendants.

And U.S. Bank has satisfied the elements of a breach of contract claim in

showing that (1) a valid contract existed in the form of a Loan Agreement; (2) U.S. Bank fully performed under the Loan Agreement; (3) Defaulting Defendants failed to perform in paying under the Loan Agreement; and (4) U.S. Bank sustained damages for the unpaid payments as a result of the breach.

And, so, the Court should grant default judgment on U.S. Bank's non-judicial foreclosure claim against Defaulting Defendants.

2. <u>U.S. Bank is entitled to a declaration that U.S. Bank has a statutory probate lien against the Property.</u>

U.S. Bank has adequately pleaded that it has a statutory probate lien against the Property. *See* TEX. EST. CODE §§ 101.001(b), 101.051(b)(1); *see also Chae*, 2023 WL 8531803, at \*3.

As discussed in previous sections, U.S. Bank has shown that there was a debt, secured by a lien, on the Property. *See* Dkt. No. 1 at 5. And U.S. Bank has adequately shown that Decedents died intestate, no probate was opened for them, and therefore, Defaulting Defendants are heirs who acquired Decedents' interest in the Property subject to the debt owed by U.S. Bank. *See id.* at 2-3, 6.

And, so, the Court should grant U.S. Bank's request for a declaration of its statutory probate lien.

### III.  <u>U.S. Bank is entitled to its reasonable attorneys' fees.</u>

U.S. Bank requests attorneys' fees in its complaint, *see* Dkt. No. 1 at 9, and its motion for summary judgment and default judgment, *see* Dkt. No. 62 at 17.

The Court should grant U.S. Bank its reasonable attorneys' fees in accordance

with the Loan Agreement and Section 38.001 of the Texas Civil Practice and Remedies Code.

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, Nat. Ass'n*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Santry v. Ocwen Loan Servicing LLC*, No. 3:23-cv-649-K-BN, 2024 WL 4229990, at *9 (N.D. Tex. Sept. 3, 2024).

Here, the Loan Agreement states that, "[i]f the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note[.]... Those expenses include, for example, reasonable attorneys' fees." Dkt. No. 1-1 at 3.

Because it is permitted in the relevant loan documents, U.S. Bank is entitled to its reasonable attorneys' fees for pursuing its non-judicial foreclosure claim under the Loan Agreement. *See Santry*, 2024 WL 4229990, at *9.

The Court should order U.S. Bank to file a separate application for attorneys' fees, no later than 14 days after entry of a judgment in this case, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Loan Agreement at issue in this case.

### Recommendation

The Court should grant U.S. Bank's Motion for Summary Judgment and

Motion for Default Judgment [Dkt. No. 61].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 12, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE