IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, for asset backed funding corporation asset backed certificates 2006 HE1, | § | |
| Plaintiff, | § | |
| V. | § | No. 3:23-cv-2692-S-BN |
| FALISSA MICHEAUX, SCHNIKA MCKISSIC, individually and as legal guardian for E.T., NATALIE VERSEY, TANOSHA BISHOP, MONTOYA TARGTON, TERRY TARGTON, JR., and TARIQ TARGTON, | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 4.

Plaintiff U.S. Bank Trust Company National Association, for asset backed funding corporation asset backed certificates 2006 HE1 ("U.S. Bank") has filed a motion for attorneys' fees against Defendants Falissa Micheaux; Schnika McKissic, individually and as legal guardian for E.T.; Natalie Versey; Tanosha Bishop; Montoya Targton; Terry Targton, Jr; and Tariq Targton (collectively, "Defendants"). *See* Dkt. No. 72.

For the following reasons, the Court should grant U.S. Bank's motion for attorneys' fees and costs [Dkt. No. 72].

**Background**

Prior orders have documented the background of this case. *See* Dkt. No. 68. The information that follows is repeated here for reference and supplemented with information relevant to the issues now presented before the Court.

This case concerns a mortgage and foreclosure. U.S. Bank alleges that Decedents Samuel and Cynthia Woodley executed a Loan Agreement, consisting of a Note and Security Interest, in the property 3976 Avocado Drive, Dallas, Texas 75241 (the "Property"). *See* Dkt. No. 1 at 3, 5.

Under the Loan Agreement's original terms, Decedent promised to pay periodic payments under the original principle sum of $56,000 bearing an interest rate of 11.499% per annum. *See id*. at 5.

Decedents passed away. See *id*. at 6.

U.S. Bank, the current holder of the note, alleges that "[t]he Loan Agreement is currently due for the November 1, 2022 payment and all subsequent monthly payments." *Id*. U.S. Bank sent notice of default and loan acceleration via certified mail to the Property address, and the default was not cured. *See id*. at 6-7.

U.S. Bank then brought suit for declaratory judgment, enforcement of statutory probate lien, non-judicial foreclosure, and judicial foreclosure against Decedent's heirs – Micheaux; McKissic, individually and as legal guardian for E.T.;

Versey, Bishop, Montoya Targton; Terry Targton, Jr.; and Tariq Targton. *See id*. at 2-3, 7-9.

U.S. Bank moved for default judgment against McKissic, Versey, Montoya Targton, Terry Targton, Jr. and Tariq Targton and for summary judgment against Bishop and Micheaux. *See* Dkt. No. 61.

After accepting the undersigned's findings, conclusions, and recommendation that the Court should grant U.S. Bank's motions for default judgment and summary judgment against Defendants, *see* Dkt. Nos. 68 & 70, the Court entered default judgment and summary judgment in U.S. Bank's favor, *see* Dkt. No. 71. And the Court ordered that U.S. Bank was authorized to file a separate application for attorneys' fees that established the amount of reasonable and necessary attorneys' fees and costs that it has incurred. *See id* at 2.

U.S. Bank then filed its motion for attorneys' fees. *See* Dkt. No. 72.

## Legal Standard

"Texas law is applicable to the award of attorneys' fees in diversity cases like this one." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-cv-2589-M-BN, 2016 WL 2856006, at *5 (N.D. Tex. Apr. 18, 2016) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). "Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *5 (citing *Richardson v. Wells Fargo Bank*, N.A., 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law and determining that motions for attorneys' fees provided by mortgage contracts are permissible under Federal Rule of Civil Procedure 54(d)(2)).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (applying lodestar method to claims under the Fair Debt Collection Practices Act). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

## Analysis

### I. Attorneys' Fees

U.S. Bank seeks recovery of $15,273.50 in attorneys' fees for work performed at hourly rates of $245, $270, $300, and $330. *See* Dkt. No. 72 at 4-5. And it seeks $6,257 in paralegals' fees for work performed at hourly rates of $95 and $100. *See id.* at 4, 6.

According to the motion, U.S. Bank billed 52 hours of attorney work and 63.5 hours of paralegal work. *See id.*

In support of its motion, U.S. Bank submits the declaration of attorney Crystal G. Gibson of Mackie Wolf Zientz & Mann, P.C., which detailed the experience of the attorneys and paralegals who worked on the case and her experience regarding attorneys' and paralegals' fees in creditor-debtor litigation work. *See* Dkt. No. 72-1 at 1-5.

Ms. Gibson states in her declaration that she is the Director of Litigation for Mackie Wolf Zientz & Mann, P.C., which represents U.S. Bank in this case, and that she has over 20 years of experience in performing mortgage litigation work in Texas federal and state courts. *See id.* at 2. And the declaration shows that the experience of the other attorneys and paralegals who worked on this case ranges from about two to over 30 years. *See id.* at 3-5.

Ms. Gibson provides the State Bar of Texas's 2015 Hourly Fact Sheet and 2020 Paralegal Compensation Survey to show the reasonable rates for attorneys and paralegals practicing mortgage foreclosure litigation in the Dallas-Fort Worth-

Arlington area, and she adjusts the rates for inflation. *See id.* at 76-114; *see also Peterson v. Tenant Tracker, Inc.*, No. 6:20-cv-588-JDK, 2021 WL 4956244, at *2 (E.D. Tex. Sept. 30, 2021) (finding it appropriate to consult the State Bar of Texas Hourly Fact Sheet); *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852-53 (S.D. Tex. 2017) (using market rates in the community to determine reasonable hourly rates for paralegals).

Considering the experience of the Mackie Wolf Zientz & Mann, P.C. attorneys and paralegals and the local market rates, the undersigned finds that the requested hourly rates enumerated in Ms. Gibson's declaration are reasonable and within the market rates for attorneys and paralegals handling this type of litigation in the Dallas area. *Accord Gilman v. Shellpoint Mortg. Servicing*, No. 3:22-cv-1283-S-BT, 2024 WL 718204 at *6 (N.D. Tex. Jan. 18, 2024) (finding hourly rates of $350 for experienced attorneys and $105 for paralegals reasonable in mortgage litigation case).

U.S. Bank provided itemized billing statements that detail the work completed and costs incurred during the case. *See* Dkt. No. 72-1 at 10-74. The entries on the billing invoices include narratives of the work performed. *See id.* Where the billing statements differed from U.S. Bank's summary, *see* Dkt. No. 72 at 4, 6, the undersigned relied on the billing statements.

Having reviewed the narratives recorded in billing records, the undersigned finds that the time spent handling the various tasks in this matter as described was reasonable.

The undersigned finds that there is a discrepancy between the number of hours worked by attorneys stated by U.S. Bank and the number of hours worked by attorneys reported on the billing records. According to the billing records, U.S. Bank billed 50.3 hours of attorney work, not 52 hours. *See* Dkt. 72-1 at 12-73.

Based on the motion and the supporting documents, the undersigned finds the appropriate lodestar here for work performed by an attorney to be calculated as the sum of 8.5 hours of work at $245 an hour ($2,082.50), 19.1 hours of work at $270 an hour ($5,157), 3 hours of work at $300 an hour ($900), and 19.7 hours of work at $330 an hour ($6,501), for a total of $14,460.50. And the undersigned finds the appropriate lodestar here for work performed by a paralegal to be calculated as the sum of 18.60 hours of work at $95 an hour ($1,767) and 44.9 hours of work at $100 an hour ($4,490), for a total of $6,257.

U.S. Bank does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

And, so, the Court should award reasonable fees in the amount of $20,717.50.

**II. <u>Costs</u>**

U.S. Bank has filed a bill of costs, *see* Dkt. No. 73, but it does not, in its motion, ask the Court to award costs, *see* Dkt. No. 72. The motion addresses only U.S. Bank's entitlement to fees. *See id.*

So, insofar as U.S. Bank would like to be reimbursed for the expenses listed in

its bill of costs, U.S. Bank's motion is deficient as to that relief.

And, regardless, the Clerk of Court has already taxed these costs. *See* Dkt. No. 74. And U.S. Bank is not entitled to double recovery of any component of the costs previously taxed against Defendants. *Cf. James v. Wells Fargo Bank, N.A.*, No. 5:12-cv-42-C, 2012 WL 13028546, at *4 (N.D. Tex. Sept. 5, 2012) ("Defendant also seeks an award of costs. The Court already taxed costs of court against Plaintiffs in its final judgment and declines to make a determination of such costs via the instant motion. Rather, Defendant must comply with the requirements of Rule 54(d)(1) and Local Rule 54.1, including filing a bill costs with the clerk.").

**Recommendation**

The Court should grant in part Plaintiff U.S. Bank National Association's motion for attorneys' fees [Dkt. No. 72] and award U.S. Bank $20,717.50 in attorneys' and paralegals' fees.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judges' findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE